Case No.  25-50566

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

JASON GRICE,

Plaintiff - Appellant

vs.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
For the Western District of Texas
Austin Division

1:23-cv-1202-DAE

The Honorable Judge DAVID A. EZRA

_____

BRIEF OF APPELLANT JASON GRICE

_____

LONNIE ROACH
BEMIS, ROACH & REED
4100 Duval Road
Building 1, Suite 200
Austin, Texas 78759

*Attorney for Appellant,*
*Jason Grice*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of FED. R. APP. P. 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

1. Jason Grice of Austin, Texas.
2. Metropolitan Life Insurance Company
3. Lonnie Roach, Bemis, Roach & Reed--Counsel for Appellant
4. Linda G. Moore, Estes Thorne Ewing & Payne, PLLC—Counsel for Appellee

LONNIE ROACH
BEMIS, ROACH & REED
4100 Duval Road, Bldg., I, Suite 200
Austin, Texas  78759
(512) 454-4000
(512) 453-6335 (fax)
lonnie@brrlaw.com

By:　/s/ Lonnie Roach
　　　LONNIE ROACH
　　　State Bar No. 16967600

　　　*Attorney in Charge for*
　　　*Jason Grice*

# <u>REQUEST FOR ORAL ARGUMENT</u>

The plaintiff-appellant, Jason Grice, respectfully requests oral argument.  This ERISA welfare benefits case requires the Court to determine whether the District Court applied the appropriate standard of review.  The analysis involves four separate plan documents, choice of law issues, and a brief examination of ERISA's Savings Clause.  Oral discussion of the facts and the applicable precedent would benefit the Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..................................................... 2

REQUEST FOR ORAL ARGUMENT……………………………….....…….3

TABLE OF AUTHORITIES…………………………………………....………6

STATEMENT OF JURISDICTION ................................................................... 8

STATEMENT OF THE ISSUES .........................................................................9

*ISSUE ONE*: *The Google LLC Plan requires that claims for insured benefits be decided by procedures described in the applicable insurance policy. It further requires that any discretionary authority it conveys be applied in a uniform and nondiscriminatory manner to all Covered Persons similarly situated. Did the District Court properly interpret the Plan, when it looked beyond the terms of the LTD insurance policy for a grant of discretion, and when its decision would require that employees who reside in California are entitled to de novo review of benefit determinations, while similarly situated employees who reside in Texas are subjected to discretionary review?*

*ISSUE TWO*: *Did the District Court correctly apply the forum selection clause in the Group Term Life policy to LTD claims under the Certificate of Insurance?*

*ISSUE THREE*: *The District Court decision invites insurers to circumvent state laws regulating insurance by placing prohibited provisions, such as discretionary clauses, in documents the state is powerless to regulate, such as plan documents or summary plan descriptions. Does the District Court's decision impermissibly abrogate ERISA's Savings Clause?*

STATEMENT OF THE CASE....................................................................................10

    *Factual Background*…………………………………………………...………11

    *The Google LLC Welfare Benefit Plan*…………………………………....13

SUMMARY OF THE AGUMENT…...………………………………………17

ARGUMENT…………………….........................................................................20

    *Standard of Review*………………………………………………...…..20

CONCLUSION…………………………...………………………………34

CERTIFICATE OF SERVICE ........................................................................36

CERTIFICATE OF COMPLIANCE ....................................................................37

# **TABLE OF AUTHORITIES**

## **Cases**

*Advanced Display Sys. v. Kent State Univ.*, 212 F. 3d 1272, 1282 (Fed. Cir. 2000) ...................................................................................................................27

*Ariana M. v. Humana Health Plan of Tex.*, 884 F.3d 246 (5th Cir. 2018) ...........28

*Firestone Tire and Rubber Co. V. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948 (1989) ...................................................................................................................22

*Fontaine v. Metro. Life Ins. Co.*, 800 F.3d 883 (7th Cir. 2015) ...............................31

*George v. Reliance Standard Life Ins. Co.*, 776 F.3d 349, 352 (5th Cir. 2015) ......21

*In re Deepwater Horizon*, 470 S.W.3d 452, 464 (5th Cir. 2015) ............................21

*In re Seversky*, 474 F. 2d 671, 674, 177 U.S. P.Q. (BNA) 144, 146 (CCPA 1973) ...................................................................................................................27

*Jahn-Derian v. Metro. Life Ins. Co.*, 2015 U.S. Dist. LEXIS 28652 (C.D. Cal., March 31, 2016) ..............................................................................................32

*Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999) .......................33

*Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) ................................................20

*Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, (9th Cir. 2015) ...........................32

*Quaker City Gear Works, Inc. v. Skil Corp.*, 747 F.2d 1446, 1453-54 (Fed. Cir. 1984) .................................................................................................................27

*Shanker v. United of Omaha Life Ins. Co.*, 768 F. App'x 295 (5th Cir. 2019) ........21

*Singletary v. United Parcel Serv., Inc.*, 828 F.3d 342, 351 (5th Cir. 2016) ...........28

*Unum Life Ins. Co. v. Ward*, 526 U.S. 358, 376 (1999) .........................................31

*Vega v. Nat'l Life Ins. Servs. Inc.*, 188 F.3d 287, 299-300 (5th Cir. 1999) (en banc) ..................................................................................................................20

## **Statutes**

28 Tex. Admin. Code § 3.1201(b) .................................................................28, 30

28 Tex. Admin. Code § 3.1202 et seq. ...............................................................17

28 U.S.C. § 1291...................................................................................................8

29 U.S.C. § 1132(a)(1)(B) ....................................................................................8

29 U.S.C. § 1132(e)(2) .......................................................................................29

29 U.S.C. § 1144(a) ...........................................................................................30

29 U.S.C. § 1144(b)(2)(A) .................................................................................30

Cal. Ins. Code § 10110.6..........................................................................17, 23, 30

Idaho Administrative Code § 18.01.29.011 ...................................................17
Illinois, Ill. Admin. Code 50 § 2001.3 (2005) ..........................................17
N.J. Admin. Code § 11:4-58.1 et seq. .......................................................17
Tex. Ins. Code § 1701.062 ...............................................................28, 30
Utah Admin. Code R590-218. ...................................................................17

## **Rules**

FED. R. APP. P. 28.2 ..................................................................................2
FED. R. APP. P. 32(a)(7)(B)(i) ...............................................................37
FED. R. APP. P. 32(a)(7)(B)(iii) .............................................................37
FED. R. APP. P. 32(a)(7)(C) ...................................................................37
FED. R. APP. P. 4(a) ................................................................................8

## **Treatises**

RESTATEMENT (Second) OF CONFLICT OF LAWS § 188 ...........................28

# STATEMENT OF JURISDICTION

This Court has jurisdiction of this action under 28 U.S.C. § 1291 as an appeal from a final judgment, dated July 7, 2025, of the United States District Court for the Western District of Texas, Austin Division.  This action was brought in that court pursuant to 29 U.S.C. § 1132(a)(1)(B).  Notice of appeal was timely filed in accordance with FED. R. APP. P. 4(a) on July 15, 2025.

# STATEMENT OF THE ISSUES

ISSUE ONE:      The Google LLC Plan requires that claims for insured benefits be decided by procedures described in the applicable insurance policy.  It further requires that any discretionary authority it conveys be applied in a uniform and nondiscriminatory manner to all Covered Persons similarly situated. Did the District Court properly interpret the Plan, when it looked beyond the terms of the LTD insurance policy for a grant of discretion, and when its decision would require that employees who reside in California are entitled to de novo review of benefit determinations, while similarly situated employees who reside in Texas are subjected to discretionary review?

ISSUE TWO:      Did the District Court correctly apply the forum selection clause in the Group Term Life policy to LTD claims under the Certificate of Insurance?

ISSUE THREE:   The District Court decision invites insurers to circumvent state laws regulating insurance by placing prohibited provisions, such as discretionary clauses, in documents the state is powerless to regulate, such as plan documents or summary plan descriptions.  Does the District Court's decision impermissibly abrogate ERISA's Savings Clause?

## STATEMENT OF THE CASE

Plaintiff/Appellant Jason Grice is a participant in an ERISA welfare benefit plan established by his employer, Google LLC.  The plan provides Grice Long-Term Disability (LTD) benefits under a Certificate of Insurance issued by Defendant/Appellee, Metropolitan Life Insurance Company ("MetLife").  Grice filed a claim for LTD benefits with MetLife due to a degenerative neurological condition, which MetLife denied. After exhausting his administrative remedies, Grice filed suit against MetLife under the civil enforcement provisions of ERISA.

The MetLife Certificate of Insurance does not contain a provision delegating discretionary authority to MetLife to determine eligibility for benefits or to construe the plan's terms.  Moreover, such provisions, known as "discretionary clauses," are prohibited in disability insurance policies used in Texas.  Nevertheless, the District Court determined that the Google LLC plan document conferred discretionary authority on MetLife, and reviewed MetLife's claim decision under the arbitrary and capricious standard.  Under that standard, the District Court found that MetLife had not abused its discretion.

The District Court entered Final Judgment on July 8, 2025. Grice timely perfected his appeal to this court.

*Factual Background*

Grice worked as a Senior Solutions Consultant for Google LLC, the sponsor of the ERISA plan under which the MetLife Certificate at issue in this case was issued.[1]  Grice suffers from Charcot-Marie-Tooth disease, a degenerative nerve disease that causes pain, atrophy, and continual deformity of his extremities, most predominantly his feet.[2]  Charcot-Marie-Tooth disease "is a group of insidiously progressive disorders characterized by increasing weakness and wasting of the extremities, which interfere with mobility and activities of daily living."[3]  His disease is progressive and incurable.

On January 20, 2022, Grice underwent an extensive reconstruction of his right foot by Andrew Ebert, M.D. in Austin, Texas.[4]  After his surgery, Grice experienced significant pain and slow healing. He applied for short-term disability benefits under the Google LLC plan, which were approved.

---

[1] ROA.746
[2] ROA.747
[3] https://www.ncbi.nlm.nih.gov/books/NBK562163/
[4] ROA.748

On July 29, 2022, Google LLC extended Grice's continuous medical leave until September 22, 2022, which was beyond the LTD policy's elimination period (July 21, 2022).[5]

On September 23, 2022, Dr. Ebert wrote that Grice still had not healed from his surgery and nerve pain and that he had extended Grice's time off work.[6]

On September 15, 2022, Grice's Physical Medicine and Rehabilitation doctor, Shailesh Reddy, M.D., completed an Attending Physician's Statement (APS) certifying that Grice has a progressive peripheral nerve disease for which there is no medication treatment.[7]  Dr. Reddy stated that  Grice was unable to return to work.  Dr. Reddy stated that even if Grice could return to work, he would require breaks every 15 - 20 minutes of the workday.

On November 30, 2022, MetLife denied Grice's LTD claim, contending that Grice could perform his Usual Occupation in the usual and customary way.[8]

Grice appealed MetLife's denial but was again denied.  In its appeal

---

[5] ROA.750
[6] ROA.751-752
[7] ROA.751
[8] ROA.754

denial letter, MetLife acknowledged that Grice experiences symptoms that warranted placement or restrictions but wrote:

> However, those restrictions and limitations would not prevent Mr. Grice from performing his job duties, as he is not required to lift, carry, push, pull, balance, crouch, crawl, climb ladders, work at unprotected heights, operate motor vehicles or operate heavy machinery.[9]

Upon review, the District Court found that MetLife's decision was not an abuse of discretion.

### The Google LLC Welfare Benefit Plan

Google LLC, Grice's employer, provides its employees with welfare benefits under the Google LLC Welfare Benefit Plan.[10]  The Plan includes 27 distinct, Component Programs.    Fifteen Component Programs are self-funded by Google LLC,  while the remaining twelve, including the MetLife LTD insurance in this case, are fully insured.

The District Court reviewed four documents and concluded that the Plan grants MetLife discretionary authority to construe the Plan terms and determine eligibility for benefits.[11]  The four documents the District Court

---

[9] ROA.565
[10] ROA.195-225
[11] ROA.758

relied on were:

1) the Google LLC Welfare Benefit Plan, Amended and Restated Effective January 1, 2022 (the "Plan Document");[12]

2) the Google LLC Welfare Benefit Plan "Wrap" Summary Plan Description (the "Wrap SPD");[13]

3) the Group Term Life and Accident and Health insurance policy (the "Group Term Life" policy);[14] and

4) the "Certificate of Insurance" for LTD benefits, identified as group policy number 119114-1-G.[15]

The Plan Document is a broad document meant to cover all 27 Component Programs.[16] It states that claims for benefits determinations will be decided under the procedures described in the applicable Component Program.[17] It further states that claims for insured benefits will be decided by the applicable Insurance Company under procedures described in its insurance policy.[18]

The Plan Document provides that if there is a conflict between a specific provision of the Plan Document and any Component Program, its terms

---

[12] ROA.195-225
[13] ROA.227-292
[14] ROA.294-311
[15] ROA.312-371
[16] ROA.224, 281-290
[17] ROA.205
[18] Id.

control with respect to the self-funded Component Programs, while the terms of the appropriate certificate of insurance controls fully insured Component Programs.[19]

The Plan Document further provides:

> **Insurance.** The Company may, but will not be required to, insure any of the benefits provided by the Plan. To the extent the Company elects to purchase insurance, any such insured benefits will be the sole responsibility of the Insurer, and neither the Plan Sponsor, any Participating Employer, nor the Plan shall have responsibility for the payment of such benefits.[20]

The Plan Document includes a provision conferring discretionary authority to the appropriate administrator of each of its Component Programs.[21] However, the Plan Document includes a caveat, that "provided, however, that all such discretionary interpretations and decisions shall be applied in a uniform and nondiscriminatory [manner] to all Covered Persons similarly situated."[22]

The Wrap SPD is a similarly broad document, designed to "wrap" around all 27 Component Programs to ensure each complies with ERISA's regulatory requirements. It too includes a discretionary clause conferring

---

[19] ROA.201
[20] ROA.204
[21] ROA.208
[22] Id.

discretionary authority to the applicable claims' administrator of each of the Component Programs.[23]  However, it similarly states that if its provisions conflict with those of a fully insured Component Program, the terms of the certificate of insurance for the Component Program controls:

> However, with respect to fully insured benefits, the terms of the certificate of insurance coverage or Insurance Policy/Evidence of Coverage control when describing specific benefits that are covered or insurance-related terms.  See Appendix A to determine whether a particular benefit is self-funded by the Company or fully insured by the Insurer.[24]

The Group Term Life policy is a contract between MetLife and Google LLC.  It may be changed or ended without the notice or consent of Google LLC employees.[25]  The Group Term Life policy does not include a discretionary clause.  However, it does include a clause stating it is issued for delivery in California and governed by California law.[26]

The Group Term Life policy states:

> **Certificates.** MetLife will issue individual certificates to the Policyholder for delivery to each Covered Person, as appropriate. Such certificate will describe the Covered Person's benefits and rights under this policy. "Certificate" includes any of MetLife's insurance riders, notices or other attachments to the certificate.[27]

---

[23] ROA.123
[24] ROA.104
[25] ROA.314
[26] ROA.294
[27] ROA.301

The Certificate of Insurance is the document described above. It is an insurance policy MetLife issued to Google LLC for distribution to its employees with LTD coverage. It contains those provisions of the Group Term Life policy that apply to the LTD Component Program.[28]

The Certificate of Insurance does not contain a discretionary clause or a forum selection clause. Rather, it was designed to be used in multiple states where, presumably, Google LLC has employees.

The Certificate of Insurance contains the state-specific regulatory language to be used in several states, including Texas.[29] Ten of those states have laws regulating or prohibiting discretionary clauses in insurance policies.[30]

## SUMMARY OF THE ARGUMENT

The Google LLC Welfare Benefit Plan is structured to provide benefits to its employees uniformly, regardless of where they reside. The Plan

---

[28] ROA.314

[29] ROA.315-332

[30] California, Cal. Ins. Code § 10110.6; Connecticut, Bulletin HC-67; Hawaii, Commissioner's Memorandum 2004-13H (Dec. 8, 2004); Idaho, Idaho Administrative Code § 18.01.29.011; Illinois, Ill. Admin. Code 50 § 2001.3 (2005); Indiana, Bulletin 103 (May 8, 2001); New Jersey, N.J. Admin. Code § 11:4-58.1 et seq., New York, Circular Letter No. 14 (June 29, 2006); Texas, 28 Tex. Admin. Code § 3.1202 et seq.; Utah, Utah Admin. Code R590-218.

provides that insured benefits, such as the LTD benefits at issue here, are determined by the appropriate insurance company under the provisions of the applicable insurance policy. The District Court erred when it looked beyond the Certificate of Insurance for a grant of discretionary authority since that was not a provision the Plan included in the Certificate of Insurance.

On the specific issue of discretionary authority, the Plan Document grants all the administrators of its Component Programs discretionary authority but requires that all discretionary interpretations and decisions be applied in a uniform and nondiscriminatory manner to all Covered Persons similarly situated. The Plan cannot, therefore, apply a discretionary interpretation or decision for a Texas employee differently than it would for a similarly situated California employee. The District Court erred when it ruled otherwise.

The District Court avoided Texas law prohibiting discretionary clauses in insurance policies by relying on the forum selection clause contained in the Group Term Life policy, even though that provision of the Group Term Life policy was not included in the Certificate of Insurance. The District Court noted that California law, like Texas law, bans discretionary clauses in

insurance policies, but only does so for residents of California. The District Court ruled that, although MetLife could not exercise discretionary authority on its claim decisions for California residents, it could do so for similarly situated Covered Persons other states.

The District Court should not have applied California law to Grice's claim since the forum selection clause in the Group Term Life policy was not chosen for inclusion in the Certificate of Insurance. Under federal choice of law principles, the court should have applied Texas law.

Moreover, the District Court's decision allows insurers to circumvent state laws regulating insurance, in contravention of ERISA's Savings Clause. Should an insurer wish to exercise discretionary authority in a state where it is prohibited by law from doing so, it need only place a discretionary clause in a document the state cannot regulate, like a plan document or summary plan description.

The Google LLC plan was not designed to achieve this result. The District Court's misinterpretation of the plan creates an untenable result that this Court should correct.

# ARGUMENT

*STANDARD OF REVIEW*

The District Court decided this case under Rule 52(a) of the Federal Rules of Civil Procedure and issued Findings of Fact and Conclusions of Law.[31]  However, the court's decision that it would apply the arbitrary and capricious standard of review made its Findings of Fact largely superfluous. Under the arbitrary and capricious standard, the court was limited to making a legal determination regarding whether there was substantial evidence in the administrative record supporting MetLife's decision. *See Vega v. Nat'l Life Ins. Servs. Inc.*, 188 F.3d 287, 299-300 (5th Cir. 1999) (en banc), overruled on other grounds by *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105 (2008)).

In this appeal, Grice challenges the District Court's Conclusions that the Plan lawfully grants MetLife discretionary authority to construe the Plan terms and determine eligibility for benefits, and that this case should be decided under California law.  These are legal determinations that this court reviews de novo.  "On appeal from a bench trial, this court review[s] the factual findings of the trial court for clear error and conclusions of law de

---

[31] ROA.744-762

novo." *George v. Reliance Standard Life Ins. Co.*, 776 F.3d 349, 352 (5th Cir. 2015).

Insurance coverage disputes are traditionally resolved using contract interpretation standards, where courts must enforce unambiguous provisions as written. *In re Deepwater Horizon*, 470 S.W.3d 452, 464 (5th Cir. 2015). This Court interprets ERISA policies similarly to any other insurance contract. *Shanker v. United of Omaha Life Ins. Co.*, 768 F. App'x 295 (5th Cir. 2019).

## ISSUE ONE RESTATED

**The Google LLC Plan requires that claims for insured benefits be decided by procedures described in the applicable insurance policy. It further requires that any discretionary authority it conveys be applied in a uniform and nondiscriminatory manner to all Covered Persons similarly situated. Did the District Court properly interpret the Plan, when it looked beyond the terms of the LTD insurance policy for a grant of discretion, and when its decision would require that employees who reside in California are entitled to de novo review of benefit determinations, while similarly situated employees who reside in Texas are subjected to discretionary review?**

Under the Google LLC Plan, benefit determinations must be decided by the procedures described in the applicable Component Program.[32] For insured benefits, claims must be decided by the "Insurance Company under

---

[32] ROA.205

procedures described in its insurance policy."[33]    For Grice's claim, that insurance policy was the Certificate of Insurance ("MetLife will issue individual certificates….Such certificate will describe the Covered Person's benefits and rights under this policy.")[34]   The Certificate of Insurance does not grant discretionary authority to MetLife.

The Plan Document's general conveyance of discretionary authority to administrators of its Component Programs conflicts with the lack of any such conveyance in the Certificate of Insurance.    Under the Plan Document's conflict resolution provisions, the terms of the Certificate of Insurance govern in this circumstance.[35]   The District Court should not have looked beyond the terms of the Certificate of Insurance for  a clause granting discretionary authority to MetLife.

Since the Certificate of Insurance contains no grant of discretionary authority to MetLife,  the District Court should have reviewed MetLife's denial under ERISA's default, de novo standard.   *See, Firestone Tire and Rubber Co. V. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948 (1989).

---

[33] Id.

[34] ROA.301

[35] ROA.201

The District Court's failure to apply the conflict resolution provisions of the Plan Document led to further tension with the terms of the Plan Document that require discretionary decisions to be applied uniformly to similarly situated Covered Persons.    Under the District Court's ruling, Google LLC employees who reside in California are entitled to de novo review of MetLife's benefit determinations, while employees who reside in other states, like Grice, are subjected to discretionary review of benefit determinations.

Like Texas, California bans discretionary clauses in disability insurance policies.  Cal. Ins. Code § 10110.6 provides:

> If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable.

The District Court incorrectly applied California law to this case (see Issue Two, *infra*.)  Since the court recognized that California law precludes the enforcement of discretionary clauses only for California residents, it held

23

that while MetLife would be prohibited from exercising discretionary authority for the benefit determinations of California residents, it was not prohibited from exercising discretionary authority against similarly situated Covered Persons who reside in other states, like Texas.[36]

The District Court's ruling ignored the plain language of the Plan Document. Although the Plan Document confers discretionary authority on each of the various administrators of its component programs, it cautions that:

> provided, however, that all such discretionary interpretations and decisions shall be applied in a uniform and nondiscriminatory [manner] to all Covered Persons similarly situated.[37]

The District Court did not attempt to reconcile its decision with the clear language of the Plan Document, which requires that discretionary decisions be applied uniformly and in a nondiscriminatory manner to all Covered Persons similarly situated. Google LLC employees who reside in California are not subject to discretionary review, while employees of other states are.

---

[36] ROA.549
[37] ROA.208

24

## **ISSUE TWO RESTATED**

**Did the District Court correctly apply the forum selection clause in the Group Term Life policy to LTD claims under the Certificate of Insurance?**

The Group Term Life policy and the Certificate of Insurance are separate documents that serve different purposes. The Group Term Life policy is a contract between MetLife and Google LLC.[38] It is not ordinarily provided to employees such as Grice.[39] The Group Term Life policy contains a forum selection clause, stating it was issued for delivery in California and governed by the laws of California.[40]

The Certificate of Insurance is issued under the Group Term Life policy, and is a part of the Group Term Life policy.[41] However, it only contains those provisions of the Group Term Life policy that pertain to LTD insurance.[42] It was issued by MetLife to Google LLC for delivery to Covered Persons across the country.[43] It contains the state-specific regulatory language to be used in

---

[38] ROA.314

[39] In fact, MetLife did not include the Group Term Life policy in the administrative record in the District Court. It was first produced as an attachment to MetLife's Response to Grice's Motion to apply de novo review. (See, e.g. ROA.532-533).

[40] ROA.294

[41] ROA.314

[42] Id.

[43] ROA.301

multiple states, including Texas.[44]

Although the District Court acknowledged that the Certificate of Insurance does not contain a forum selection clause, it incorrectly concluded that the Certificate of Insurance *incorporated by reference* the forum selection clause in the Group Term Life policy.[45]  It does not.  Moreover, when the Plan as a whole is considered, it is clear that neither the forum selection clause in the Group Term Life policy or those in the Plan Document and the Wrap SPD are intended to apply to individual LTD insurance claims such as this one.

First, the Certificate of Insurance plainly states that it is issued under the Group Policy, **"and it includes the terms and provisions of the Group Policy that describe Your Insurance."**[46]   (Emphasis added). Since the Certificate of Insurance does not include the forum selection clause of the Group Term Life Policy, it necessarily follows that the forum selection clause does not apply to LTD benefits MetLife provides to individuals.

Second, the Certificate of Insurance includes state-required regulatory language required by various states, including Texas.[47]  The various states'

---

[44] ROA.315-332
[45] ROA.549
[46] ROA.314
[47] ROA.315-332

regulatory language would be superfluous in a policy governed by California law. Only the state-specific regulatory language required by California would need to be included.

Finally, all plan documents, including the Plan Document, the Wrap SPD, and the Group Term Life policy distinguish between their various provisions and the provisions of the Certificate of Insurance. In each instance, where the rights of fully insured benefits are at issue, the plan documents state that the terms of the Certificate of Insurance control.[48]

Whether a document incorporates by reference the terms of another document is a question of law. *See, Advanced Display Sys. v. Kent State Univ.*, 212 F. 3d 1272, 1282 (Fed. Cir. 2000), *Quaker City Gear Works, Inc. v. Skil Corp.*, 747 F.2d 1446, 1453-54 (Fed. Cir. 1984). "To incorporate by reference, the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents." *Advanced Display Sys.*, at 1282, *citing In re Seversky*, 474 F. 2d 671, 674, 177 U.S. P.Q. (BNA) 144, 146 (CCPA 1973).

There is no provision in the host document, the Certificate of Insurance,

---

[48] See, e.g. ROA.201, 104, and 301

that incorporates by reference the forum selection clause in the Group Term Life policy. On the contrary, the Certificate of Insurance states that it includes the provisions of the Group Term Life policy that apply to LTD claims, and the forum selection clause is not identified or included.

Since MetLife used the Certificate of Insurance to provide LTD insurance benefits to Covered Persons in Texas, it is subject to Texas law regulating insurance, including Tex. Ins. Code § 1701.062, and 28 Tex. Admin. Code § 3.1201(b), banning discretionary clauses in insurance policies. If the Certificate of Insurance had included a discretionary clause, it would have been rendered unenforceable by Texas law and this Court's precedent. *Ariana M. v. Humana Health Plan of Tex.*, 884 F.3d 246, 250 (5th Cir. 2018).

State substantive law issues, such as the legality of discretionary clauses, must be determined by federal common law choice-of-law principles. *Singletary v. United Parcel Serv., Inc.*, 828 F.3d 342, 351 (5th Cir. 2016). Under federal common law, the state with the most significant relationship to the parties and the transaction should be applied. RESTATEMENT (Second) OF CONFLICT OF LAWS § 188. That state is Texas since Grice is a resident of Texas, MetLife does business in Texas, Grice worked for Google LLC in Texas, MetLife provided disability insurance to

28

Grice in Texas, and any benefits due under the MetLife policy would be paid to Grice in Texas. Moreover, MetLife admits that the venue of this case is proper in the Western District of Texas under 29 U.S.C. § 1132(e)(2),[49] meaning either the plan is administered in Texas, the breach occurred in Texas, or MetLife resides or may be found in Texas.

Disputes under the Group Term Life policy between MetLife and Google LLC are properly subject to California law. But Grice is not a party to that contract and has no material contacts with California. The Certificate of Insurance included only select provisions of the Group Term Life policy. The forum selection clause was not an included provision and should not have been applied by the District Court.

## ISSUE THREE RESTATED

**The District Court decision invites insurers to circumvent state laws regulating insurance by placing prohibited provisions, such as discretionary clauses, in documents the state is powerless to regulate, such as plan documents or summary plan descriptions. Does the District Court's decision impermissibly abrogate ERISA's Savings Clause?**

MetLife could not have used the Certificate of Insurance in Texas, had

---

[49] See, ROA.7, 13

it included a discretionary clause. In Texas, any discretionary clause in an insurance policy issued after 2011 is illegal and unenforceable. *See* 28 Tex. Admin. Code § 3.1201; *Ariana M. v. Humana Health Plan of Tex.*, 884 F.3d 246, 247 (5th Cir. 2018). Since the Certificate of Insurance was issued on January 1, 2022[50], it cannot contain a discretionary clause when used in Texas.

ERISA preempts state laws "insofar as they may now or hereafter relate to any employee benefits plan. 29 U.S.C. § 1144(a). However, state laws which regulate insurance, banking, or securities are saved from preemption by ERISA's Savings Clause. 29 U.S.C. § 1144(b)(2)(A). State statutes, such as Tex. Ins. Code § 1701.062, 28 Tex. Admin. Code § 3.1201(b), and Cal. Ins. Code § 10110.6 regulate insurance, and are thus saved from preemption by ERISA. Plan documents, such as Google LLC's Plan Document do not solely regulate insurance and are therefore not subject to state laws prohibiting discretionary clauses in insurance policies.

In the District Court, MetLife succeeded where it has previously failed in other jurisdictions. MetLife has sought to exercise discretionary authority in insurance claims in states where discretionary clauses are prohibited, by

---

[50] ROA.312

relying on discretionary clauses in other documents such as plan documents and summary plan descriptions.

In *Fontaine v. Metro. Life Ins. Co.*, 800 F.3d 883 (7th Cir. 2015), MetLife argued, as it does here, that a discretionary clause in the plan document conferred discretion on MetLife since the delegation clause was included in the plan document, not the insurance policy itself. The court deemed this argument "too clever," holding:

> Whether a provision for discretionary interpretation is placed in an insurance policy or in a different document is arbitrary and should make no legal difference. If MetLife's interpretation of ERISA's saving clause were correct, then states "would be powerless to alter the terms of the insurance relationship in ERISA plans; insurers could displace any state regulation simply by inserting a contrary term in plan documents. This interpretation would virtually 'read the saving clause out of ERISA.'" (citations omitted).

> On MetLife's reasoning, a plan sponsor could delegate authority to an insurer to refuse to comply with a state insurance regulation…so long as it did so by delegating that discretionary authority in an ERISA plan document rather than in the insurance policy itself.

*Fontaine*, at 888. See also *Unum Life Ins. Co. v. Ward*, 526 U.S. 358, 376 (1999) ("If a plan is insured, a State may regulate it indirectly through regulation of its insurer and its insurer's insurance contracts.").

In *Jahn-Derian v. Metro. Life Ins. Co.*, 2015 U.S. Dist. LEXIS 28652 (C.D. Cal., March 31, 2016) MetLife argued that Cal. Ins. Code § 10110.6 did not prohibit MetLife's exercise of discretion since the prohibition only extended to insurance policies, not delegation of discretionary authority in plan documents—Id., at 6. The district court rejected MetLife's argument, noting that ERISA plans are a form of insurance, and [Section 10110.6] regulates insurance companies by limiting what they can and cannot include in their insurance policies—Id., at 13.

In *Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, (9th Cir. 2015), MetLife argued that a delegation clause in the plan SPD granted it discretionary authority, even though its insurance policy contained no delegation clause. The court, however, was not persuaded, holding:

> Although the SPD in this case does indicate that MetLife has discretionary authority, the Supreme Court has made clear that statements made in SPDs "do not themselves constitute the terms of the plan." *Amara*, 131 S. Ct. at 1878. **Because the official insurance certificate contains no discretion-granting terms, we will not, consistent with *Amara*, hold that the SPD's grant of discretion constitutes an additional term of the plan.** Consequently, the district court erred in applying the abuse of discretion standard of review.[51] (Emphasis added).

---

[51] *Prichard*, at 1171

As the party seeking discretionary authority, MetLife has the burden of showing that discretionary authority was lawfully conferred. (See, e.g., *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999) "the default is that the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision).

Under the circumstances of this case, discretionary authority was not *lawfully* granted to MetLife.   As the court in *Fontaine* recognized, MetLife's interpretation would "read the Savings Clause out of ERISA."

As detailed more fully above, the Google LLC plan does not appear to have been designed to achieve this result.  Rather, the District Court misapplied the terms of the plan.  However, even if the plan *was* designed with this goal in mind, this court should still refuse to allow an insurance company to so easily circumvent state law regulating insurance.  Such a result would constitute an abrogation of ERISA's Savings Clause, and thus, be unlawful.

33

# CONCLUSION

The Google LLC Employee Welfare Benefit Plan appears to be a well-considered and carefully constructed Plan. The four documents the District Court reviewed describe a benefit plan that uniformly provides benefits to Google LLC employees across the country.

To reach its decision to apply the abuse of discretion standard, the District Court had to look beyond the Certificate of Insurance to the Plan Document, while simultaneously ignoring the interpretation clause in paragraph 2.3 of the Plan Document,[52] the insurance responsibility provision in paragraph 4.5 of the Plan Document,[53] and the uniform application of discretionary decisions provisions in paragraph 6.2 of the Plan Document.[54]

To circumvent Texas law banning discretionary clauses in insurance policies, the District Court had to look beyond the Certificate of Insurance to the forum selection clause of the Group Term Life policy. To apply that forum selection clause, the District Court had to rule that the clause had been

---

[52] ROA.201
[53] ROA.204
[54] ROA.208

*incorporated by reference* in the Certificate of Insurance, when it clearly had not been.

These mistakes by the District Court did more than simply lead to the incorrect result in this case. They created a roadmap for other insurance companies to circumvent state laws regulating insurance, abrogating ERISA's savings clause. MetLife has tried this in other jurisdictions and been rebuffed. This Court should do the same.

This Court should Reverse the District Court's decision and remand this case to the District Court for a new trial under the appropriate, de novo standard of review.

Respectfully submitted,

BEMIS, ROACH & REED
4100 Duval Road, Bldg. 1, Suite 200
Austin, Texas  78759
(512) 454-4000
(512) 453-6335 (fax)
lonnie@brrlaw.com

By:      /s/ *Lonnie Roach*
LONNIE ROACH
State Bar No. 16967600

# CERTIFICATE OF SERVICE

I, Lonnie Roach, certify that on September 25, 2025 a copy of this Brief of Appellant along with Record Excerpts was electronically filed with the clerk of the United States Court of Appeals for the Fifth Circuit using the electronic case filing system of the Court, and that the electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Linda G. Moore
Estes Thorne & Carr PLLC
3811 Turtle Creek Blvd., Ste. 2000
Dallas, Texas 75219

/s/ *Lonnie Roach*
LONNIE ROACH
State Bar No. 16967600
*For Appellant, Jason Grice*

# CERTIFICATE OF COMPLIANCE

Pursuant to FED. R. APP. P. 32(a)(7)(C), undersigned counsel certifies that this brief complies with the type-volume limitations of FED. R. APP. P. 32(a)(7)(B)(i).

1.     Exclusive of the portions exempted by FED. R. APP. P. 32(a)(7)(B)(iii), this brief contains 5944 words printed in a proportionally spaced typeface. I further certify that 741 lines of text are used.

2.     This brief is printed in a proportionally spaced, serif typeface using Book Antiqua 14-point font in text and Book Antiqua 12-point font in footnotes produced by Microsoft Word software.

3.     Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.     Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in FED. R. APP. P. 32(a)(7)(B)(i), may result in the Court's striking this brief and imposing sanctions against the person who signed it.

/s/ Lonnie Roach
Lonnie Roach
